FILED

November 8 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0128

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 281N

BILLY DODSON,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.


APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-10-1711
Honorable Robert L. Deschamps, III, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

         Billy Eugene Dodson, (self-represented); Shelby, Montana

      For Appellee:

         Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General; Helena, Montana


                Submitted on Briefs:  October 26, 2011

                        Decided:   November 8, 2011


Filed:

                    _____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Billy Dodson appeals from the order entered by the Fourth Judicial District Court, Missoula County, dismissing his petition for postconviction relief.

¶3 Dodson was convicted after jury trial of misdemeanor theft, felony deceptive practices, felony issuance of a bad check, and felony theft by deception for his role in making purchases with credit cards he had stolen in a series of break-ins of vehicles parked in recreational areas and his theft of other items of value. He appealed, and this Court affirmed his convictions. *State v. Dodson*, 2009 MT 419, 354 Mont. 28, 221 P.3d 687.

¶4 Dodson's petition for postconviction relief stated six claims, but on appeal he challenges the dismissal of only one of his claims—that his appellate counsel rendered ineffective assistance during his appeal to this Court by failing to raise a record-based claim of ineffective assistance of counsel on the part of his trial counsel.

¶5 Shortly before his jury trial commenced, Dodson's trial counsel filed a motion seeking dismissal of a portion of Count II of the Amended Information, which charged felony deceptive practices by common scheme. The charge included allegations related to one of Dodson's victims, Lynn Rinehart, which had been the subject of a charge previously filed against Dodson in Granite County. The Granite County charge had been dismissed. Dodson's counsel argued that permitting the Missoula County charge to proceed on the basis of allegations about Dodson's use of Rinehart's credit card would constitute a violation of the constitutional

2

prohibition against double jeopardy. Because the motion was filed untimely, the District Court denied the motion.

¶6      On appeal, Dodson's appellate counsel challenged the District Court's denial of the motion. *Dodson*, ¶¶ 28, 43. We agreed with the State's position that the motion had properly been denied because it was untimely filed. *Dodson*, ¶ 44. However, we further noted that, in addition to the allegations involving Rinehart, Count II also included allegations involving three other victims to support the common scheme charge, and we concluded there was "overwhelming evidence" of Dodson's guilt without regard to the Rinehart allegations. *Dodson*, ¶ 45. Consequently, even if Dodson's appellate counsel had raised the issue of trial counsel's ineffectiveness in filing the untimely motion, and this Court had determined to address the issue on appeal as a record-based ineffectiveness claim, Dodson could not have demonstrated that he was prejudiced by his trial counsel's actions. Thus, Dodson could not have prevailed under the second prong of the *Strickland* test. *See Whitlow v. State*, 2008 MT 140, ¶¶ 10-11, 343 Mont. 90, 183 P.3d 861 (explaining the prongs of the test established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), for ineffective assistance of counsel claims).

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶8      Affirmed.


                                                        /S/ JIM RICE


3

We concur:


/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS